

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-4-2007

# Flood v. Schaefer

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4319

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Flood v. Schaefer" (2007). *2007 Decisions.* Paper 1014.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1014

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-223                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4319
_____

KEVIN PATRICK FLOOD,
Appellant
vs.

SUPERVISOR TROOPER CHARLES SCHAEFER, Bdg. #8740;
CORPORAL RANDY ZIMMERMAN; CORPORAL JOHN BRAVIS;
CORPORAL STEPHEN TOMOVICH; TRP. DAVID SNYDER, Bdg. #6200;
OTHER UNKNOWN (P.S.P.) PENNSYLVANIA STATE POLICE;
KEITH BRUBAKER
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 06-cv-00082)
District Judge: Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
May 10, 2007
BEFORE:  McKEE, FUENTES and WEIS, CIRCUIT JUDGES
(Filed:   June 4, 2007)
_____

OPINION
_____

PER CURIAM.

Kevin Flood appeals from the order of the United States District Court for

the Western District of Pennsylvania dismissing his complaint without prejudice for

1

failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). For the following reasons, we will summarily vacate that order under LAR 27.4 and I.O.P. 10.6 and remand for further proceedings in the district court.

Flood is an inmate at Cambria County Prison who, at the time of filing this lawsuit, was awaiting trial in federal court on possession of controlled substances charges. Flood alleged that his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution were violated by certain members of the Pennsylvania State Police who participated in his arrest and interrogation. He claimed that state police used a police informant, Brubaker, to plant drugs at Flood's house and to feed Flood narcotics to weaken Flood's resistence during interrogation. He also alleged that state police illegally entered his home, trashed his personal papers, and used improper and excessive interrogation techniques on him at the state police barracks.

A magistrate judge recommended dismissal of Flood's lawsuit for failure to state a claim because the claims, if successful, would necessarily imply the invalidity of the criminal proceedings against him. See Heck v. Humphrey, 512 U.S. 477, 487 (1994); Smith v. Holtz, 87 F.3d 108, 113 (3d Cir. 1996) (noting that Heck applies where there is a *potential* conviction on a pending charge that may be entered some point thereafter). In his objections, however, Flood contended that his entire complaint did not call into question the validity of his pending criminal prosecution. He drew attention to two claims that he had asserted in his amended complaint wherein he claimed that troopers knew of his very serious and painful back condition (for which he had been recently

2

hospitalized) but ignored it when he was taken into custody and held at state police barracks on April 11, 2004.[1]  He also claims his constitutional rights were violated when he was mistreated at the barracks and other troopers failed to intervene.  The district court found Flood's argument unavailing and concluded that none of his claims, including those which had been styled as Eighth Amendment claims, was sufficient to state a claim.

As the Supreme Court noted in Heck, because some claims would not necessarily invalidate a conviction, not all constitutional claims arising from an arrest and prosecution are subject to the rule.  See 512 U.S. at 487 n.7.  Claims found not to be barred by Heck include claims of unreasonable search and seizure, excessive force, and false arrest or imprisonment.  See id.; Nelson v. Jashurek, 109 F.3d 142, 145-46 (3d Cir. 1997) (where plaintiff alleged officer effectuated a lawful arrest with excessive force, judgment in plaintiff's favor would not throw the validity of his conviction into doubt); Montgomery v. De Simone, 159 F.3d 120, 126 n.5 (3d Cir. 1998) (claims for false arrest and false imprisonment are not the type of claims contemplated by the Court in Heck).  Accordingly, this Court has held that Heck requires district courts to make a determination with regard to each claim whether – if successful – it would imply the invalidity of the conviction or sentence.  See Gibson v. Superintendent, 411 F.3d 427,

---

[1] Elsewhere in his complaint he alleged that he was handcuffed to a chair in an unheated room that was 40 to 50 degrees for 10 to 12 hours and that he was not permitted to use the toilet.  He also alleges that he complained to troopers that he was having difficulty breathing and was experiencing heart pain and that they ignored his requests for medical attention.

3

447-49 (3d Cir. 2005)(holding that a determination whether <u>Heck</u> applies to a Fourth Amendment claim requires a case-by-case fact-based inquiry).

There is no indication that the district court made the claim-by-claim analysis here as required under <u>Gibson</u>. For example, in his objections to the report and recommendations, Flood highlighted two claims in which he alleged facts that could comprise an excessive force claim.[2] However, in its order, the district court did not explain why these two claims, if successful, would necessarily imply the invalidity of the criminal proceedings. In addition, Flood has otherwise distanced himself from any claim in his complaint that would be barred by <u>Heck</u>, but the reasons why the district court decided that all of his claims were barred were not explained in the memorandum opinion.[3]

For these reasons, Flood's appeal is not frivolous under § 1915(e)(2)(B) and

---

[2] Although fashioned as Eighth Amendment deliberate indifference claims, under the liberal interpretation applied to pro se complaints, Claims V and VI could be interpreted as alleging excessive force. <u>See</u> <u>United States v. Miller</u>, 197 F.3d 644, 648 (3d Cir. 1999) (pro se pleadings are to be construed liberally).

[3] We do not opine whether the claims would be barred by <u>Heck</u> nor do we otherwise assess the merits of Floods's claims at this early stage. While Flood's complaint may be subject to dismissal for other reasons, a pro se complaint may be dismissed for failure to state a claim only "if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Milhouse v. Carlson</u>, 652 F.2d 371, 374 (3d Cir. 1981) (citation omitted). Importantly, the dismissal below was a product of the district court's screening process, providing only a very slim record. Because the defendants have not yet filed an answer or any other documents, we are not aware of any potential affirmative defenses. It is difficult to conclude at this nascent stage that Flood has failed to state a claim.

we will not dismiss it.  Rather, we will vacate the district court's order entered on

September 26, 2006, and remand for further proceedings consistent with this opinion.