**Kevin Patrick FLOOD, Appellant**

v.

**Supervisor Trooper Charles SCHAE-FER, Bdg # 8740; Corpal Randy Zimmerman; Corpal John Bravis; Trp. David Snyder, Bdg. # 6200; Other Unknown (P.S.P.) Pennsylvania State Police; Keith Brubaker.**

No.  09–1390.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 3, 2010.

Filed:  March 4, 2010.

Kevin Patrick Flood, Fort Dix FCI, Fort Dix, NJ, pro se.

Kemal A. Mericli, Esq., Robert A. Willig, Esq., Office of Attorney General of Pennsylvania, Pittsburgh, PA, for Defendants–Appellees.

Before: SCIRICA, Chief Judge, JORDAN and STAPLETON, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

This is an appeal from the District Court's dismissal of Kevin Patrick Flood's

pro se civil rights complaint. We will affirm in part and reverse in part and remand to the District Court for further proceedings.

Flood is currently an inmate at FCI–Fort Dix. He was recently arrested, tried, and convicted on federal narcotics and firearm charges. *See United States v. Flood*, 339 Fed.Appx. 210 (3d Cir.2009) (affirming Flood's conviction and sentence). In April 2006, before his trial, Flood filed a civil suit against certain members of the Pennsylvania State Police who participated in his arrest and interrogation and against Keith Brubaker, a police informant. Flood alleged that the defendants violated his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution. Specifically, he alleged that state police illegally entered his home, destroyed his personal papers, and used improper and excessive interrogation techniques on him at the state police barracks. Flood also alleged that Brubaker planted drugs at Flood's house and fed him narcotics to weaken his resistance during the police interrogation.

The District Court dismissed Flood's lawsuit for failure to state a claim because the claims, if successful, would necessarily imply the invalidity of the criminal proceedings against him. *See Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). We vacated the District Court's judgment and remanded for further proceedings because the District Court did not perform a claim-by-claim analysis of Flood's claims as required by our *Heck* jurisprudence. *Flood v. Schaefer*, 240 Fed.Appx. 474, 476 (3d Cir.2007) (per curiam) (unpublished). On remand, Flood attempted to amend his complaint to assert that defendants tampered with, or falsely manufactured, the audio tapes made during the investigation of his criminal case. The District Court denied Flood's motion, holding that the

allegations, if true, would call the validity of his convictions into doubt, thus violating the rule in *Heck*. Flood filed an interlocutory appeal from that order, which we dismissed for Flood's failure to pay the requisite fees. *Flood v. Schaefer*, C.A. No. 08–4659 (3d Cir.2008). Next, the District Court, adopting the Report and Recommendation of the Magistrate Judge, granted defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Flood filed a timely notice of appeal from that order. Flood has also filed a motion for sanctions and requesting appointment of a special master in this Court.

We exercise plenary review over the District Court's decision to grant defendant's motion to dismiss. *Alaska Elec. Pension Fund v. Pharmacia Corp.*, 554 F.3d 342, 346 (3d Cir.2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant(s) are liable for the alleged misconduct. *See Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). We review the District Court's decision denying Flood's motion to amend his complaint for abuse of discretion. *See Garvin v. City of Philadelphia*, 354 F.3d 215, 219 (3d Cir.2003).

■ We agree with the District Court's disposition of Flood's two claims alleging that Appellees tampered with audio tapes the Government submitted in his criminal trial. If a judgment in favor of a plaintiff in a § 1983 civil suit would necessarily imply the invalidity of the plaintiff's prior criminal conviction, then the suit must be dismissed. *Heck*, 512 U.S. at 487, 114 S.Ct. 2364. Here, inasmuch as a finding

that Appellees tampered with evidence which was presented to Flood's criminal jury would require an invalidation of his criminal conviction, those claims are barred by *Heck*. Therefore, the District Court did not abuse its discretion in denying Flood's motion to amend his complaint to add claims challenging the validity of the audio tapes.

■ Flood's remaining claims are partially barred by the doctrine of collateral estoppel, or issue preclusion. Issue preclusion prevents a party who litigated an issue previously from rearguing that particular issue in a subsequent proceeding. *See Szehinskyj v. Att'y Gen.*, 432 F.3d 253, 255 (3d Cir.2005). "The prerequisites for the application of issue preclusion are satisfied when: 1) the issue sought to be precluded [is] the same as that involved in the prior action; 2) that issue [was] actually litigated; 3) it [was] determined by a final and valid judgment; and 4) the determination [was] essential to the prior judgment." *Peloro v. United States*, 488 F.3d 163, 174–75 (3d Cir.2007). A finding in a prior criminal proceeding may prevent an individual from litigating the same issue in a subsequent civil proceeding. *See Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 568, 71 S.Ct. 408, 95 L.Ed. 534 (1951).[1]

In his criminal trial, Flood's attorney challenged the voluntariness of the statements Flood made to the police. The District Court, in ruling on the motion, made several factual findings regarding Flood's interrogation—including that police gave Flood two opportunities to use the restroom and offered him food and drink during questioning. These findings now preclude Flood's civil claims alleging that he was denied food and access to a bathroom during questioning. *See Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 25

L.Ed.2d 469 (1970) (when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit). Even if we did not find the claims precluded, we would agree with the District Court that the food and drink, as well as the two bathroom trips police provided Flood, complied with constitutional requirements.

■ Flood's claim that the police used excessive force during his questioning is a different matter, however. Flood argues that his ten-hour detention, when he was handcuffed to a metal folding chair in an unheated room without a blanket, was unreasonable in light of his known "serious back injury." In the criminal trial, the District Court did not address the temperature of the room or the tightness of the handcuffs in its order resolving Flood's suppression motion. Appellees argue that the District Court, in ruling on Flood's suppression motion, was required to consider the totality of circumstances and would, therefore, have noted if the cold weather or the handcuffing influenced the voluntariness of his statement. (Appellees' Br. at 11, *citing Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)). During the suppression hearing, however, Flood litigated only whether police administered proper *Miranda* warnings as required by the Fifth Amendment. In his suppression motion, Flood did not raise any excessive force claims arising under the Fourth Amendment, and, as a result, the District Court did not perform a totality of circumstances analysis. Therefore, the Fourth Amendment claims related to Flood's ten-hour pre-trial detention were never litigated and are not barred by issue preclusion in his current civil case.

---

1. Issue preclusion applies to issues decided in criminal proceedings. *See Allen v. McCurry*, 449 U.S. 90, 104, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

■ Our conclusion is not at odds with the Heck rule because it is analytically possible for Flood to claim that Appellees subjected him to unconstitutional conditions even if a statement he made during the same time period was voluntary. *See, e.g., Gonzalez v. Entress,* 133 F.3d 551, 553–54 (7th Cir.1998) (some Fourth Amendment violations are unrelated to a criminal conviction). Indeed, Flood argues that his excessive force claim is unrelated to the voluntariness of his confession. (Appellant's Br. at 8–9.) While Flood asserts in the "factual allegations" section of his pleadings that police used improper methods to obtain his statement, (Amended Pleadings at 18–19.), he bases his claims in the "causes of action" section of his complaint on the Appellees' deliberate indifference to his pain and suffering in violation of the Eighth and Fourteenth Amendments.[2] (*Id.* at 25–26.) Moreover, Flood's claims are not barred by preclusion principles since, as indicated above, Flood could not be expected to raise excessive force claims in his suppression hearing which were unrelated to the voluntariness of his confession.

■ Appellees also argue that Flood's claims do not meet the pleading requirements under Fed.R.Civ.P. 12(b)(6). In order to plead a Fourth Amendment civil rights violation, Flood must show that a " 'seizure' occurred and that it was unreasonable." *Curley v. Klem,* 499 F.3d 199, 203 (3d Cir.2007) (citation and internal quotation marks omitted). It is unquestionable that Appellees seized Flood when they arrested him; thus, the only issue is whether officers acted unreasonably during his arrest. *Id.* (*quoting Tennessee v. Garner,* 471 U.S. 1, 7, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985)). While handcuffing an arrestee to a chair is not, by itself, unreasonable, we have held that an excessive force claim may arise from improper handcuffing during arrest. *See Kopec v. Tate,* 361 F.3d 772, 778 (3d Cir.2004). Arguably, if, as Flood alleges, police were aware that he had a severe back injury and handcuffed him in a manner that caused excessive pain and suffering, he could succeed in proving that the officers violated the Fourth Amendment. We conclude that Flood's Fourth Amendment claim was sufficiently pleaded.[3]

We are not suggesting that Flood will ultimately be successful in this action, only that he has pleaded sufficient facts to allow the District Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Capogrosso v. The Sup.Ct. of N.J.,* 588 F.3d 180 (3d Cir.2009) (per curiam). Therefore, because the District Court erred in dismissing Flood's claim arising from his handcuffing during questioning, we will remand for further proceedings on that claim only.

---

**2.** Under the Eighth Amendment, the relevant question is "whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." *Giles v. Kearney,* 571 F.3d 318, 330 (3d Cir.2009) (citations and internal quotation marks omitted). We analyze Flood's claims under the Fourth Amendment because the Eighth Amendment's prohibition against cruel and unusual punishment does not apply until the State has complied with constitutional guarantees traditionally associated with criminal convictions. *See Graham v. Connor,* 490 U.S. 386, 398–99, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

**3.** We agree with the District Court, however, that Flood's chipped teeth, which he attributes to his teeth chattering due to the temperature of the interrogation room, cannot be attributed to excessive police force. Further, Flood's allegation, that he was held in an unheated room with an outside mean temperature of 38 degrees for ten hours while normally clothed, is not a sufficient deprivation of "the minimal civilized measure of life's necessities" to constitute a violation of his Fourteenth Amendment Due Process rights. *See Kost v. Kozakiewicz,* 1 F.3d 176, 188 (3d Cir.1993).

The District Court's order is affirmed in all other respects. Appellant's motion for sanctions and requesting appointment of a special master is denied.

