**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4602
_____

KEVIN PATRICK FLOOD,
                                        Appellant

v.

SUPERVISOR TROOPER CHARLES SCHAEFER, Bdg. #8740; CORPORAL RANDY
ZIMMERMAN; CORPORAL JOHN BRAVIS; CORPORAL STEPHEN TOMOVICH;
TRP. DAVID SNYDER, Bdg. #6200; OTHER UNKNOWN (P.S.P.) PENNSYLVANIA
STATE POLICE; KEITH BRUBAKER

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 06-0082)
District Judge:  Honorable Kim R. Gibson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 21, 2011
Before:  JORDAN, GARTH AND BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 22, 2011)
_____

OPINION
_____

PER CURIAM

Pro se appellant Kevin Flood appeals from the District Court's order granting

summary judgment to the defendants and a magistrate judge's order denying a motion to

compel the production of discovery materials.[1]  For the reasons discussed below, we will vacate the District Court's judgment and remand for further proceedings.

This case concerns Flood's allegations that the defendants violated his Fourth Amendment rights by using excessive force against him while they held him at a police barracks for questioning.  More specifically, Flood contends that the defendants handcuffed him for a prolonged period of time in a way that aggravated his pre-existing back injury and caused him severe pain and suffering.

The case has previously been before this Court.  In January 2009, the District Court dismissed Flood's amended complaint. It held that the excessive-force claim was barred by issue preclusion because the Court had resolved the underlying issues adversely to Flood in adjudicating Flood's suppression motion in his criminal action.

We vacated this part of the District Court's order and remanded for further proceedings.  See Flood v. Schaefer, 367 F. App'x 315 (3d Cir. 2010).  We held that issue preclusion did not apply because, "[i]n his suppression motion, Flood did not raise any excessive force claims arising under the Fourth Amendment," and, as a result, the District Court did not rule upon these issues.  Id. at 318.  We explained that this holding was not contrary to the rule of Heck v. Humphrey, 512 U.S. 477 (1994), because "it is

---

[1]  We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over the District Court's order granting summary judgment, State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009), and review the order denying the motion to compel for abuse of discretion, Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 281 (3d Cir. 2010).

analytically possible for Flood to claim that Appellees subjected him to unconstitutional conditions even if a statement he made during the same time period was voluntary." Id. at 319. We then ruled that "Flood's claims are not barred by preclusion principles since, as indicated above, Flood could not be expected to raise excessive force claims in his suppression hearing which were unrelated to the voluntariness of his confession." Id. Finally, we held that "if, as Flood alleges, police were aware that he had a severe back injury and handcuffed him in a manner that caused excessive pain and suffering, he could succeed in proving that the officers violated the Fourth Amendment." Id.

On remand, Flood sought to compel the production of certain audio tapes, which he claimed would show that the defendants were aware of his back injury. A magistrate judge denied that motion. The magistrate judge viewed Flood's motion as an attempt to resurrect a previously dismissed claim that his criminal case had been plagued by evidence tampering; the judge did not explicitly consider Flood's contention that these tapes would bear on the defendants' knowledge of his back injury. Flood filed objections to the District Court, but the Court did not rule upon those objections.

The magistrate judge then ordered the parties to present all the evidence that they could muster concerning the excessive-force claim and, upon receiving this evidence and supporting briefs, recommended that the District Court grant summary judgment to the defendants. The magistrate judge provided two bases for this recommendation. First, the magistrate judge concluded that Flood's claim was barred by issue preclusion, because

Flood should have raised it as a defense in the suppression hearing; since Flood did not raise the claim then, he was precluded from doing so in this action. Second, the magistrate judge stated that Flood's claim could not proceed because he had failed to produce "a shred of objective evidence that he suffered any injury" from the defendants' alleged misconduct. The District Court approved and adopted this report and recommendation and entered judgment in favor of the defendants. Flood then filed a timely notice of appeal.

We will vacate the District Court's judgment. As noted above, the District Court first held that Flood's excessive-force claim was barred by the doctrine of issue preclusion. Issue preclusion applies when the following three circumstances are present: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Duhaney v. Att'y Gen., 621 F.3d 340, 347 (3d Cir. 2010). We have already held that "Flood's claims are not barred by preclusion principles since, as indicated above, Flood could not be expected to raise excessive force claims in his suppression hearing which were unrelated to the voluntariness of his confession." Flood, 367 F. App'x at 319. Given this holding, the District Court's ruling that Flood should in fact have raised his excessive force claim in the criminal action cannot stand. See generally Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867 (3d Cir. 1984).[2]

---

[2] The District Court's focus on the force that the defendants allegedly used during

The District Court's second ground for granting summary judgment to the defendants is also flawed. The Court concluded that Flood could not withstand summary judgment because he had failed to present "objective evidence of injury." However, in evaluating claims of excessive force, the central issue is the force the officers employed (and whether it was reasonable under the circumstances), not the injury they caused. See Smith v. Messinger, 293 F.3d 641, 649 (3d Cir. 2002); see also Chelios v. Heavener, 520 F.3d 678, 690 (7th Cir. 2008) ("Although injury is a relevant factor in determining whether an officer used excessive force, an excessive force claim does not require any particular degree of injury."); see also Wilkins v. Gaddy, 130 S. Ct. 1175, 1179 (2010) (emphasizing this point in the Eighth Amendment context). Similarly, to the extent that the injuries Flood sustained are relevant, the evidence that he presented — primarily, his affidavit — is "about the best that can be expected from him at the summary judgment phase of the proceedings." Brooks v. Kyler, 204 F.3d 102, 108 n.7 (3d Cir. 2000) (internal quotation marks, alterations omitted). As we explained in our previous opinion, Flood may assert a viable excessive-force claim by showing that the "police were aware that he had a severe back injury and handcuffed him in a manner that caused excessive

the last two hours of Flood's detention, to the exclusion of the earlier hours that Flood was held, also rests on a misapprehension of our previous opinion. We held that it was legally permissible for Flood to argue that the defendants "subjected him to unconstitutional conditions even if a statement he made during the same time period was voluntary." Flood, 367 F. App'x at 319 (emphasis added). Thus, Flood may base his claim on force that was allegedly used at any point during his detention.

5

pain and suffering." <u>Flood</u>, 367 F. App'x at 319. The District Court therefore erred in focusing exclusively on the degree of injury Flood suffered rather than the force used by the defendants.

Finally, Flood argues that the magistrate judge erred in denying his motion to compel the production of certain audiotapes that he contends would help to show that the defendants had knowledge of his back injury. We observe that while Flood appealed the magistrate judge's adverse ruling to the District Court, the Court never ruled on Flood's objections. <u>See generally</u> Fed. R. Civ. P. 72(a). Consequently, we must remand for the District Court to consider in the first instance — after further development of the record, if necessary — whether Flood is entitled to production of these tapes. <u>See</u> <u>Hutchinson v. Pfeil</u>, 105 F.3d 562, 566 (10th Cir. 1997).

Accordingly, we will vacate the District Court's order granting summary judgment to the defendants and remand for further proceedings consistent with this opinion.[3]

---

[3] Flood also filed a motion for an extension of time to file a reply brief and, soon thereafter, his reply brief. We grant this motion and thus deem his reply brief timely filed.