DLD-279                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3115
_____

IN RE: KEVIN PATRICK FLOOD,
                                                Petitioner
_____

On a Petition for Writ of Mandamus from
the United States District Court
for the Western District of Pennsylvania
(Related to D.C. Civ. No. 06-cv-00082)
_____

Submitted Pursuant to Fed. R. App. Pro. 21
September 13, 2012

Before:   AMBRO, JORDAN AND VANASKIE, Circuit Judges

(Opinion filed: October 3, 2012)
_____

OPINION
_____

PER CURIAM

        Kevin Patrick Flood has filed a petition for writ of mandamus, asking that we

vacate an interlocutory order of the District Judge entered in his civil rights action, and

that his case be reassigned to a different District Judge and different Magistrate Judge.

For the reasons that follow, we will deny the petition.

Flood, while awaiting trial in federal court on drug and weapons charges, filed a civil rights action, 42 U.S.C. § 1983, in the United States District Court for the Western District of Pennsylvania, alleging that his constitutional rights were violated by certain members of the Pennsylvania State Police who participated in his arrest and interrogation. He claimed that the state police used an informant to plant drugs at his house and to administer drugs to him in order to weaken him during interrogation. He also claimed that the state police illegally entered his home, and used improper and excessive interrogation techniques on him at the state police barracks. The District Court dismissed the action without prejudice and Flood appealed. We vacated the District Court's order and remanded, holding that the court failed to analyze whether Flood's Fourth Amendment claims, if successful, would necessarily undermine the validity of his criminal prosecution. See Flood v. Schaefer, 240 Fed. Appx. 474 (3d Cir. 2007).

Meanwhile, in Flood's criminal case, following the denial of pretrial motions to suppress and for testing of audiotapes and other evidence, Flood was convicted of conspiracy to possess and distribute marijuana, possession with intent to distribute marijuana, and possession of a firearm by a convicted felon. He was sentenced by the same District Judge who had presided over his civil rights action to a term of imprisonment of 180 months and 8 years of supervised release. We affirmed the conviction and sentence on appeal, see United States v. Flood, 339 Fed. Appx. 210 (3d Cir. 2009), holding, in pertinent part, that probable cause supported the issuance of an anticipatory search warrant and that the District Court's denial of Flood's motion for the testing of audio recordings made by the confidential informant was not an abuse of

2

discretion. With regard to the request to test the audiotapes, we agreed with the District Court that Flood had waived his right to request testing, see id. at 214, and we noted that, in any event, "the authenticity and accuracy of the evidence precluded the need to authorize funding for expert testing." Id.

On remand in Flood's civil rights action, the District Court granted the defendants' motion to dismiss for failure to state a claim, and Flood again appealed. We affirmed in part, holding that Heck v. Humphrey, 512 U.S. 477, 487 (1994), barred Flood's claim that the state police tampered with the audiotapes offered as evidence in the federal criminal prosecution. See Flood v. Schaefer, 367 Fed. Appx. 315, 317-18 (3d Cir. 2010). We reversed in part, holding that Flood's Fourth Amendment claim alleging the use of excessive force during his interrogation was sufficiently pleaded. See id. at 318 (allegation that police were aware that inmate had severe back injury and caused him excessive pain and suffering by handcuffing him to metal folding chair in unheated room for ten hours during questioning states a Fourth Amendment claim). Again, we remanded for further proceedings.

On the second remand, the District Court granted the defendants' motion for summary judgment, and Flood appealed. We again vacated the District Court's order and remanded, holding, in pertinent part, that the court, in analyzing the excessive force claim, had improperly focused exclusively on the degree of Flood's injury rather than on the force used by the state police during the interrogation. See Flood v. Schaefer, 439 Fed. Appx. 179, 182 (3d Cir. 2011) (although objective evidence of injury is relevant in determining whether officer used excessive force, excessive force claim does not require

3

any particular degree of injury). Flood also challenged in this appeal the Magistrate Judge's order denying his motion to compel the production of the original audiotapes, which he contended would show that the defendants had prior knowledge of his severe back injury. We directed the District Court to address this issue on remand, after further development of the record, if necessary. See id.

Flood's civil rights action went back to the District Court in July, 2011. In accordance with our mandate, in an order filed on February 21, 2012, see Docket Entry No. 165, the District Court addressed Flood's motion to compel the production of the audiotapes containing conversations between the informant and Flood, which Flood contended would demonstrate that the defendants had prior knowledge of his back injury. In the February 21, 2012 order, the District Court held that Flood was entitled to production of the audiotapes in his civil rights case, but, because he had already received accurate copies of the audiotapes and transcriptions of their contents in his criminal case, the Court would not compel the defendants to produce them a second time. The court observed that Flood conceded that he had received copies of the tapes and the transcriptions. The Court also noted Flood's contention that his copies had been altered and tampered with, and that portions of the original tapes showing the defendants' prior knowledge of his back injury had been deleted by his own court-appointed attorney. It held, however, that Flood could not relitigate the spoliation issue in his civil rights case. Moreover, Flood's claim that his own attorney had tampered with the audiotapes was baseless. The Court then directed the parties to submit briefs on the issue of whether the force the state police used during Flood's interrogation was reasonable under the

4

circumstances, and denied Flood's motion to address a claim of a broad-based conspiracy to tamper with the audiotapes.

Flood then filed numerous motions in an attempt to pursue his claim of a conspiracy to tamper with the audiotapes. He also filed a motion asking the District Court to reconsider its February 21, 2012 order, a pretrial statement addressing his excessive force claim, and a motion demanding that the District Court comply with our most recent mandate. With respect to this latter motion, Flood acknowledged the District Court's February 21, 2012 order, but found it illogical and biased. In short, Flood reiterated his spoliation contentions and further contended that both the District Judge and Magistrate Judge were biased against him. The defendants filed their brief, concluding that there was indeed a triable issue with respect to whether their handcuffing of Flood during the interrogation was reasonable under the circumstances.

Flood then filed a motion for an interlocutory appeal. On June 6, 2012, the Magistrate Judge filed a Report and Recommendation, recommending that a trial be scheduled. The Magistrate Judge saw no basis for an interlocutory appeal and recommended that Flood's motion to appeal be denied. Flood then filed Objections to this Report and Recommendation, which remain pending.

At issue now, Flood has filed a petition for writ of mandamus, asking that we vacate the District Court's February 21, 2012 order. He has reiterated his concern that the District Court did not comply with our last mandate, and repeated his argument that the District Court incorrectly decided the spoliation issue in the face of "incontrovertible" evidence that the audiotapes were altered. Flood asked that we order the defendants to

produce "accurate" copies of the original audiotapes and he asked for reassignment of his case to a different District Judge and different Magistrate Judge.

We will deny the petition for writ of mandamus. Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus will only issue under extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992).

Flood does not meet the stringent requirements for mandamus relief. As a threshold matter, we conclude that the District Court complied with our directive in its February 21, 2012 order to address in the first instance Flood's request to compel the production of the original audiotapes. We asked nothing more than that the District Court address the matter, and the Court has ruled definitively *against* Flood on the issue of the audiotapes.

With respect to the other matters raised by the mandamus petition, we note that Flood contends that the original audiotapes contain evidence favorable to his claim of excessive force, but he has not demonstrated that he has no alternative remedy or other adequate means to obtain the relief he desires. Specifically, if Flood disagrees with the District Court's ruling on the audiotapes issue, the proper course for him is to challenge the order on appeal when, and if, his civil rights case does not end in his favor. A writ of

6

mandamus is not a substitute for an appeal.  See In re: Ford Motor Co., 110 F.3d 954, 957 (1997).  The original audiotapes, even assuming that they contain evidence relevant to the defendants' prior knowledge of Flood's severe back injury, are not clearly necessary to prove his claim of excessive force.  Presumably, Flood will testify in support of his claim that the state police used unreasonable force against him during their interrogation.  His personal knowledge about what happened to him during the interrogation and about what the defendants knew about his severe back injury prior to the interrogation, together with pertinent medical records if any, will give the jury the information it needs to determine the merits of his claim of a Fourth Amendment violation, and, if it transpires that the jury does not find in his favor, then he may appeal the judgment and argue that the District Court's adverse ruling concerning production of the original audiotapes unfairly prevented him from proving his case.  Any harm caused by the District Court's ruling can be adequately vindicated post-trial, if necessary.

Last, Flood also has an alternative remedy and other adequate means to obtain the reassignment he desires in that he may seek recusal of the District Judge by filing a motion for recusal in the district court prior to trial, under the standards set forth in 28 U.S.C. § 144 or 28 U.S.C. § 455.  Mandamus is not proper here because Flood has not shown a clear and indisputable right to recusal of either the District Judge or the Magistrate Judge on the basis of personal bias.

For the foregoing reasons, we will deny the petition for writ of mandamus. Flood's motion to appoint a special master is denied.