BLD-177                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1311
_____

IN RE: KEVIN PATRICK FLOOD,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. No. 3-04-cr-00036-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 23, 2015

Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Filed: May 1, 2015)
_____

OPINION*
_____

PER CURIAM

    Kevin Flood petitions pro se for a writ of mandamus to compel the Attorney

General of the United States and the Director of the United States Department of Justice's

Office of Professional Responsibility to investigate and criminally charge various

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

individuals allegedly involved in tampering with audio surveillance tapes used in his underlying criminal case. We will deny the petition.

The foregoing action is Flood's third mandamus petition in this Court related to the allegedly altered tapes. In 2007, we denied Flood's request to order officials to investigate this matter. In re Flood, 254 F. App'x 139, 140 (3d Cir. 2007). In 2012, we denied Flood's request to order the defendants in his related civil rights action to provide original copies of the tapes. In re Flood, 500 F. App'x 105, 109 (3d Cir. 2012). Outside of the mandamus context, we ruled in Flood's direct criminal appeal that the District Court properly denied Flood's motion to test the tapes because it was untimely and meritless. United States v. Flood, 339 F. App'x 210, 214 (3d Cir. 2009). In 2010, we ruled that the District Court properly determined that Flood's civil claims against certain defendants for allegedly tampering with the audiotapes were barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994). See Flood v. Schaefer, 367 F. App'x 315, 317-18 (3d Cir. 2010). Flood has also attempted to litigate this issue via a motion pursuant to 28 U.S.C. § 2255, but such relief was denied by the District Court, and this Court declined to issue a certificate of appealability. See United States v. Flood, Nos. 3:04-cr-36-KRG-KAP, 3:11-cv-50-KRG-KAP, 2014 WL 2114849, at *1 (W.D. Pa. May 20, 2014); C.A. No. 14-2902. Flood's related civil rights action is still pending in the District Court, and he has filed numerous repetitive requests related to the tapes in that action.

Mandamus is a drastic remedy available only in the most extraordinary of circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). It

2

is appropriate only when (1) the petitioner has no other adequate means to obtain the relief sought; (2) the right to the issuance of the writ is clear and indisputable; and (3) the issuing court is satisfied in the exercise of its discretion that mandamus is appropriate under the circumstances. Id. at 378-79. As should be clear from our prior rulings, Flood does not meet this stringent standard. We will not order top executive branch officials to investigate unsubstantiated self-serving allegations of a conspiracy, especially when we have already held that these allegations lack merit. Accordingly, we will deny Flood's petition for a writ of mandamus.